UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES SCHAFFER,**

    **Plaintiff,**

v.                                                                                   Case No. 8:06-CV-371-T-EAJ

**JO ANNE B. BARNHART,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB").[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 12).

applicable legal standards.  See 42 U.S.C. § 405(g) (2003).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  If there is substantial evidence to support the Commissioner's findings, a court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[3]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff alleges that he became disabled on July 5, 2002, due to "chronic pain syndrome, right knee pain, degenerative disc disease, low back pain, hypertension and depression with anxiety." (T 10A)  Plaintiff filed an application for DIB on September 20, 2002. (T 10)  His application was denied initially on February 20, 2003, and after reconsideration on September 2, 2003.  (Id.)  The ALJ held an administrative hearing on July 22, 2005 (T 288-305), and thereafter denied benefits to Plaintiff in a decision dated October 27, 2005.  (T 10-16)  The Appeals Council denied Plaintiff's request for review on January 3, 2006, allowing the ALJ's decision to stand. (T 3-4A)  Plaintiff filed a timely petition for judicial review of the Commissioner's decision after exhausting all

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

administrative remedies. The Commissioner's decision is ripe for review under the Act.

At the time of the hearing, Plaintiff was sixty-three years old and had a general education diploma. (T 10A, 290) His past work experience includes work as a firefighter, bus driver, and security guard. (T 10A) To determine if Plaintiff was disabled, the ALJ performed a five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the onset of his alleged disability in 2002. (Id.) Second, after examining the medical evidence, the ALJ found that Plaintiff suffered from "degenerative disk disease associated with back pain [and] status-post contusion of the right knee associated with pain," which constitute severe impairments. (Id.) Although Plaintiff also complained of depression, the ALJ determined that it was not a severe impairment. (Id.) The ALJ then determined that Plaintiff's impairments, either singly or in combination, do not meet or medically equal an impairment listed in the Listings of Impairments. (T 13)

The ALJ determined in the third step that Plaintiff has the residual functional capacity ("RFC") to perform the exertion associated with a wide range of medium work. (T 14) Fourth, based upon Plaintiff's RFC, the ALJ found that Plaintiff can perform his past relevant work as a security guard. (Id.) Because Plaintiff could perform his past work, the ALJ denied the application. (T 15)

The medical evidence was summarized in the ALJ's decision and is not repeated here except as necessary to address the issues presented.

**II.**

Plaintiff argues that the Commissioner erred by (1) not according sufficient weight to the treating and examining physicians' opinions; (2) failing to properly assess the Plaintiff's credibility claim; and (3) not properly evaluating Plaintiff's capacity to perform past relevant work (Dkt. 17).

**A.**     Plaintiff contends that the ALJ erred in not according substantial weight to the treating and examining physicians' reports (Id. at 7).  The Commissioner responds that the ALJ properly evaluated the physicians' medical opinions and resolved any conflicts in the medical evidence (Dkt. 18 at 9).

Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject those opinions. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). However, the opinion of a treating physician regarding a disability or inability to work may be discounted if it is unsupported by objective medical evidence, conclusory, or contrary to the evidence. Bloodsworth, 703 F.2d at 1240.  Moreover, a Commissioner may reject any physician's opinion if the evidence does not support it. Id. In this case, the ALJ accorded substantial weight to the treating and examining physicians' opinions. (T 14) Following a review of the record, the ALJ determined that the medical evidence supported the physicians' reports. (Id.)

Regarding Plaintiff's mental limitations, the ALJ reviewed the pertinent medical evidence, including an evaluation by Gregory C. Marone, Ed.D. ("Dr. Marone") on July 2, 2003, which concluded that Plaintiff's adjustment disorder with mixed emotional features and dysthmia would not prevent him from competitive employment. (T 10A, 130-34) State agency mental health consultants also indicated that Plaintiff would have only mild functional limitations from his mental condition. (T 10A-11)  Plaintiff does not dispute this evidence but cites the opinion of Clayton Linkous, M.D. ("Dr. Linkous") on July 9, 2003, stating that Plaintiff could not handle any job at that time due to his severe anxiety and depression. (T 136) The ALJ's failure to address Dr. Linkous's opinion regarding Plaintiff's mental status is troubling but is not a basis for remand.  First, Dr. Linkous was an examining, not a treating, physician. (T 135-36)  As such, the good cause standard is inapplicable.

McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987).  Secondly, the ALJ did discuss Dr. Linkous's assessment that from a physical standpoint, Plaintiff had full range of motion in all extremities except the right knee. (T 12)  Lastly, in finding that Plaintiff had no severe mental impairment, the ALJ credited the opinions of Dr. Marone and the state agency consultants; their opinions provide substantial evidence for the ALJ's finding. (T 10A-11)

The reports of examining physicians Morris Kutner, M.D. ("Dr. Kutner") and Dr. Linkous support the ALJ's determination regarding Plaintiff's physical RFC.  Dr. Kutner found that Plaintiff should not carry more than 25 pounds or engage in extensive bending or stooping, but did not place any limitations on Plaintiff's ability to sit, stand, or walk. (T 58)  Consistent with Dr. Kutner's opinion, Dr. Linkous determined that Plaintiff should refrain from bending and stooping and from lifting more than 20 pounds.  (T 136)  Although the ALJ did not explicitly place any limitations on Plaintiff's ability to bend or stoop, Plaintiff's position as a security guard did not require him to perform these activities.  Dictionary of Occupational Titles 372.667-034 (4th ed., Rev. 1991).  Also, the Dictionary of Occupational Titles ("DOT") classifies the security guard position as light work requiring lifting of no more than 20 pounds. (Id.)  Moreover, Plaintiff's Work History Report states that his work as a security guard required him to lift a maximum of 20 pounds.  (T 246)

The ALJ's decision is also supported by the findings of treating physician Maury L. Fisher, M.D. ("Dr. Fisher"). (T 11)  Following Plaintiff's arthroscopic surgery, Dr. Fisher determined on August 8, 2003, about one month post-op, that Plaintiff was fit to return to work, without restrictions, as far as his knee problems were concerned.  (T 158) This is consistent with the opinion of examining physician Diana Carr, M.D. ("Dr. Carr"), who found in April 2003 that although Plaintiff's knee injury prevented him from working, with appropriate surgery he should be able to resume medium

5

work. (T 102) Dr. Carr also noted that Plaintiff's back pain did not prevent him from working. (Id.) Thus, the treating physicians' opinions support the ALJ's determination that Plaintiff is able to perform medium work.[4]

Accordingly, the ALJ properly weighed the reports of the treating and examining physicians in determining that Plaintiff was not disabled within the meaning of the Act.

**B.**   Plaintiff also contends that his complaints of pain are supported by the medical evidence and his statements to physicians. The Commissioner responds that the ALJ's credibility determinations are supported by substantial evidence.

It is the function of the Commissioner, not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656, 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).   Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996); Bloodsworth, 703 F.2d at 1239.

The Eleventh Circuit established a three-part standard to use when evaluating a claimant's subjective complaints of pain or other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); see also 42 U.S.C. § 423(d)(5)(A). A plaintiff must show: (1) evidence of an

---

[4] Additionally, Robert K. Lerner ("Dr. Lerner"), also Plaintiff's treating physician, testified at a September 9, 2004 deposition that Plaintiff could do sedentary to light work with no lifting over 20 to 25 pounds, no "long sitting", and no bending, kneeling, or squatting. (T 210)

underlying medical condition, and either (2) that the medical evidence substantiates the severity of the pain from the condition, or (3) that the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged.  Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986).[5]

The ALJ explicitly stated and applied the proper standard in assessing Plaintiff's credibility.  (T 13)  The ALJ analyzed whether the medical evidence supported the severity of Plaintiff's allegations and found no evidence of an impairment that would restrict Plaintiff's ability to engage in all substantial gainful activity. (T 13–15)  Thus, the ALJ found Plaintiff's testimony generally not credible.  (T 14)

Therefore, the only question remaining is whether the ALJ's assessment is based on substantial evidence.  The ALJ's decision fully summarizes the medical evidence, including radiographic findings and physical examinations showing only slight limitations on range of motion of Plaintiff's back and extremities (T 14–15); psychological evaluations indicating that Plaintiff was able to perform all of his household chores independently, although he did have some depression with anxiety (T 11); and treating and examining physicians' evaluations which the ALJ found consistent with the RFC assessment of David Z. Kitay, M.D. ("Dr. Kitay") that Plaintiff was capable of a wide range of medium work. (T 12-14)  The ALJ also stated that no physician had opined that Plaintiff could not do some type of work. (T 13)  Plaintiff has not shown that the reasons cited by the ALJ are unsupported by the record, were misinterpreted, or were incorrect.  Accordingly, substantial evidence

---

[5] This standard is consistent with Social Security regulations, which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (quoting 20 C.F.R. §§ 404.1529, 416.929).

supports the ALJ's credibility determination. See generally Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989).

Although Plaintiff alleged that he suffered from depression and anxiety, his psychiatric examination showed that he was at all times alert and responsive. (T 10A, 152) Plaintiff's "capacity for understanding, memory, concentration, social interaction and adaption was within the normal range," according to Dr. Fisher. (T 10A, 85) Any limitation arising from Plaintiff's depression was determined mild and non-severe (T 68, 81), not preventing competitive employment. (T 134)

Also, after examining Plaintiff for alleged joint pain, Bradley P. Barnes, M.D. ("Dr. Barnes") found that radiographic evidence showed that Plaintiff's right knee was normal. (T 37) Dr. Kutner determined that Plaintiff's examination did not support his allegations of knee and back pain. Specifically, Dr. Kutner noted that Plaintiff was "able to walk heel to toe, get up from a chair, and get on the exam table without difficulty." (T 57) Although several physicians noted Plaintiff's complaints of knee and back pain, none of the physicians found that the pain impaired Plaintiff's ability to engage in light work beyond a twelve-month period. (T 101–02, 160–79) Furthermore, following surgery on Plaintiff's knee, Dr. Fisher determined that Plaintiff's knee problems did not restrict his ability to work. (T 158)

Based on the record, the ALJ properly evaluated Plaintiff's complaints of pain and other subjective symptoms, and there is substantial evidence to support the ALJ's decision.

**C.** Plaintiff alleges that the ALJ erred in determining that Plaintiff was able to perform past relevant work. The Commissioner responds that substantial evidence in the record supports the ALJ's decision.

The Commissioner must consider whether the claimant can return to a specific job he

performed in the past and decide whether the claimant can perform the occupational tasks employers in the national economy commonly require. Geracitano v. Callahan, 979 F. Supp. 952, 955–56 (W.D.N.Y. 1997 (internal citations and quotation marks omitted). There must be a determination of the relationship between a "claimant's past relevant work with his present mental and physical capacity." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (internal citations and quotation marks omitted).

The ALJ found that Plaintiff's statements about his limitations and pain were not credible and that Plaintiff was able to perform work at a medium-exertion level. (T 14) Specifically, the ALJ determined that Plaintiff could lift no more than 25 pounds frequently and could sit, walk, and stand for six to eight hours out of an eight-hour day. (Id.) The ALJ also stated that Plaintiff could perform pushing and pulling movements with the upper and lower extremities without any limitations. (Id.) Considering the exertional requirements of Plaintiff's past relevant work, the ALJ determined that Plaintiff was able to continue work as a security guard. (Id.) In so finding, the ALJ determined that the exertion level required by a security guard position was at or below Plaintiff's RFC. (Id.)

Plaintiff described his past employment in his application for benefits, indicating that his security guard position required him to lift no more than 20 pounds at a time (and frequently less than 10 pounds), walk for one hour, and sit for six hours a day. (T 246) Additionally, the ALJ cited the DOT which classified this occupation as light work. (T 14) Accordingly, the ALJ's finding that Plaintiff could perform his past relevant work as a security guard is supported by substantial evidence.

**III.**

The ALJ's decision is supported by substantial evidence and the proper legal principles. The

9

decision of the Commissioner is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED** that:

(1) the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2) the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. 405(g).

**DONE AND ORDERED** in Tampa, Florida on this 9th day of August, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge